**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:19-cv-62427-Seltzer**

CASSANDRA FABIEN,

    Plaintiff,

v.

SENIOR NANNIES HOME CARE
SERVICES, LLC and GARY LOFFREDO,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR IN CAMERA REVIEW OF SETTLEMENT AGREEMENT**

Defendants, Senior Nannies Home Care Services, LLC and Gary Loffredo, file this Response In Support of Plaintiff's Motion for *In Camera* Review of Settlement Agreement (the "Motion for *In Camera* Review") and respectfully state as follows.

1. This is an action filed under The Fair Labor Standards Act ("FLSA") in which Plaintiff sought recovery for overtime allegedly due and owing to her. Defendants deny Plaintiff's allegations and dispute the validity of her claims. On November 26, 2019, a settlement conference was held with Judge Seltzer, during which the parties agreed to a settlement.

2. The parties resolved this matter in order to avoid the uncertainties of litigation and the attorney's fees associated with this type of action. Importantly, throughout the entirety of the resolution process, Plaintiff was represented by counsel. Defendants were also represented by counsel throughout this process. A material term of the parties' settlement is that the Court's settlement review under *Lynn's Foods Stores* occur *in camera*.

3. Because the settlement agreement requires confidentiality, the parties do not wish to file it with the Court and thereby make it a part of the Court file. Accordingly, the parties request

1

permission to deliver the settlement agreement to Judge Seltzer for an *in camera* review. Assuming it meets with Judge Seltzer's approval, the parties request entry of an Order approving the settlement agreement.

4.  When courts analyze whether to exercise their inherent power to review FLSA settlements *in camera*, they consider the privacy interests of parties, the potential harm to parties caused by the disclosure of information, and the general policy in favor of settling disputes, including those involving the FLSA:

> This court has inherent power over its docket, and may take action to prevent abuse of its processes. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (discussing protective orders). A court may use its inherent power to provide for protection of parties from potential harms due to the release of information. *Id.* Additionally, there is a general policy in favor of settling disputes, and that policy applies to FLSA cases, despite the procedural restrictions on settlement specific to FLSA cases. *See Lynn's Food Stores*, 679 F.2d at 1354. The privacy interests of the parties and the potential of harm to the parties in future endeavors from the release of the settlement agreement into the public domain, combined with the policy interest in settling FLSA disputes, weigh in favor of *in camera* review of the settlement agreement.

*Crutcher v. Millennium Nursing & Rehab Ctr., Inc.*, No. CV-9-S-1484-NE, 2012 WL 13024010, at *1 (N.D. Ala. May 22, 2012); *see also Phalen v. Johnny Rose Creative Kitchen, Inc.*, No. 17-61925-CIV (S.D. Fla. Jan. 29, 2018); *Weiner v. Fla. Spinners, Inc.*, No. 17-62539-CIV, 2018 WL 2426642 (S.D. Fla. Apr. 25, 2018); *Lawson v. Sal's Towing, Inc.*, No. 18-61070-CIV (S.D. Fla. Jun. 19, 2018); *Lawson v. Sal's Towing, Inc.*, No. 18-60792-CIV (S.D. Fla. Jun. 20, 2018).

5.  For the reasons discussed with Judge Seltzer during the settlement conference, the Parties have a privacy interest in the Court reviewing this settlement *in camera*, including the fact that Defendants will be harmed if the settlement is not reviewed *in camera*, which is why settlement of this case is conditioned on the Court's *in camera* review.

6. The Court should, therefore, grant the Motion for *In Camera* Review and review the parties' settlement *in camera* to protect the privacy interests of the parties, protect against potential harm to the parties, and promote the general policy in favor of settling disputes, including those brought under the FLSA.

WHEREFORE, Defendants agree that the Court should grant the Motion for *In Camera* Review and review the parties' settlement agreement *in camera.*

Date: December 17, 2019                     Respectfully submitted,

                                By:   */s/Steven A. Siegel*
                                      Steven A. Siegel
                                      Fla. Bar No. 497274
                                      ssiegel@fisherphillips.com
                                      Megan L. Janes
                                      Fla. Bar No. 99009
                                      mjanes@fisherphillips.com
                                      FISHER & PHILLIPS LLP
                                      450 East Las Olas Boulevard
                                      Suite 800
                                      Fort Lauderdale, FL 33301
                                      Telephone (954) 585-4800
                                      Facsimile (954) 525-8739

                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on **December 17, 2019**, I electronically filed the foregoing **DEFENDANTS' RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR IN CAMERA REVIEW OF SETTLEMENT AGREEMENT** with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

By:   */s/Steven A. Siegel*
Steven A. Siegel
Fla. Bar No. 497274
ssiegel@fisherphillips.com
Megan L. Janes
Fla. Bar No. 99009
mjanes@fisherphillips.com
FISHER & PHILLIPS
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, Florida 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys for Defendants*

## SERVICE LIST

**United States District Court – Southern District of Florida**
**Cassandra Fabien v. Senior Nannies Home Care Services, LLC and Gary Loffredo**
**Case No.: 0:19-cv-62427-RAR**

| | |
|---|---|
| Elliot Kozolchyk<br>ekoz@kozlawfirm.com<br>Koz Law, P.A.<br>320 SE 9th Street<br>Fort Lauderdale, Florida 33316<br>Telephone (786) 924-9929<br><br>*Attorneys for Plaintiff* | Steven A. Siegel<br>ssiegel@fisherphillips.com<br>Megan L. Janes<br>mjanes@fisherphillips.com<br>FISHER & PHILLIPS LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 525-4800<br><br>*Attorneys for Defendants* |